## No. 1981.—A. Levi & Co. v. Wolf Silverstein.

In an action to recover the value of a lot of cotton from the defendants, who, it is alleged, had it on storage, and failed to deliver when demanded, the evidence showed that the claimants were not, and never had been, the owners thereof. Held—That not being owners they could not recover the value on account of non-delivery. That to enable them to recover under this allegation, they must estab'ish title to the cotton by evidence. Litigants must be held to the issues presented by their pleadings.

APPEAL from Fourth District Court, parish of Orleans. *Théard*, J. *Race, Foster & E. T. Merrick*, for plaintiffs and appellants. *R. & H. Marr*, for defendant and appellee.

LUDELING, C. J. The petition of the plaintiff alleges " that Wolf Silverstein is indebted to them in the sum of twenty-five thousand dollars for this, to wit: That on the fourth day of January, 1862, and

on divers other days up to and including the thirty-first day of March, 1862, said Wolf Silverstein received from your petitioners, at his warehouse at Tangipahoa, in this State, two hundred and twenty-two bales of cotton, averaging over four hundred pounds each, in various lots and parcels, and gave his receipts therefor, and thereby promised to hold said cotton subject to the order of petitioners, and to ship it to them at such time as they might order it to be forwarded, all of which will the more and at large appear by reference to ten receipts numbered from one to ten, and made a part hereof." They further alleged that they had often requested defendant to ship the cotton, and that " on the seventh day of June, 1866, they demanded, in writing, the said cotton, and that the same be shipped to them in accordance with the tenor of said receipts." They pray for judgment against the defendant for twenty-five thousand dollars, with interests and costs.

The defendant filed an affidavit, setting forth the facts, that on the fourth day of January, 1862, the plaintiffs and he entered into a written contract; that it was made in duplicate; that he has lost or mislaid his copy, and that the other is in the possession of the plaintiffs, etc. He prays oyer of the written contract, and of the account current of the plaintiffs with him.

On the production of the documents called for, the defendant filed an exception to the plaintiffs' action, on the ground that the plaintiffs sue for the value of sundry bales of cotton, which they claim as owners, and which they profess to have delivered to defendant on storage for their account, and that it appears from an inspection of the agreement that they were not the owners thereof, but that the cotton was the property of defendant, and that Levi & Co. have no right or cause of action against defendant, except for such advances as they may have made to defendant, with respect to which no issue is tendered to him in the petition, and he has no opportunity in the present action to plead or to make any issue. He prays that the suit be dismissed, etc

Then proceeding to answer, he denied all the allegations of the petition. He alleged that plaintiffs did not advance the money agreed to be advanced by the written contract; that some Confederate treasury notes were given in lieu of the money, which should have been furnished, and that merchandise, to the amount of about four hundred dollars, were furnished under said agreement, but that he paid the plaintiffs six hundred and sixty dollars in 1865, which exceeded the sum due by him to them, etc.

He further pleads the prescription of three years against the items advanced.

The exception and merits were tried together. There was judgment in favor of the defendant on his exception, and the suit was dismissed.

The plaintiffs have appealed.

A careful examination of this case satisfies us that the action is for the value of the cotton, which the plaintiffs claimed as theirs.

The evidence is conclusive that the cotton did not belong to the plaintiffs. In the oral argument, as well as in the briefs on file, the plaintiffs contend that this is a suit for damages, resulting from a breach of the contract. Nothing of the kind is set forth in the pleadings; and litigants must be held to the issue presented by their pleadings.

It is therefore ordered and adjudged that the judgment of the district court be affirmed, with costs of appeal.